JONATHAN TOTMAN *vs.* CALEB C. CARPENTER.

The declaration, in an action of assumpsit, contained two counts, the first on an account annexed for goods sold and delivered, &c., the principal item of which was a charge for twelve and a quarter tons of hay, and the second a special count alleging a sale by the plaintiff, and a purchase by the defendant, of thirty tons of hay then in the plaintiff's barn, and to be taken therefrom by the defendant, and a refusal by the defendant to accept or pay for the same. On the trial, it appeared that the hay was sold and delivered, and that the defendant took and carried away a part of the same; namely, the quantity mentioned in the first count, and refused to accept and pay for the residue. The judge, being of opinion that the contract was entire, and that the evidence proved a sale and delivery of the whole quantity of hay, instructed the jury accordingly, who rendered a verdict on the first count for the plaintiff, and on the second for the defendant: It was held, that the two counts were not for several and distinct causes of action within the Rev. Sts. c. 121, § 16, and, consequently, that the defendant was not entitled to costs for his witnesses on the second count, on which the verdict was in his favor.

THIS was an action of assumpsit, brought by the plaintiff, as the administrator of James McClallen, and was tried before *Wells*, C. J., in the court of common pleas. The declaration contained three counts. The first was on an account annexed, the principal charge in which was for twelve and a quarter tons of hay. The second was a general count, for goods sold, work and labor done, and materials provided, and for money paid, &c. The third was a special count, setting forth a sale by the plaintiff and a purchase by the defendant of thirty tons of hay, then lying together in one mass in the barn of the plaintiff's intestate, to be there delivered on demand, and at the option of the defendant to take the same as soon as he should choose, at any and all times thereafter, and to be paid for by the defendant on the delivery, at the rate of nine dollars a ton ; and alleging that the defendant, though requested, and though the plaintiff had tendered and

offered to deliver the hay to him, had always refused to ac
cept or pay for the same.

On the trial, it appeared that the plaintiff sold the defend-
ant a mow of hay, consisting of several tons, in the barn of
the plaintiff's intestate, which was to be taken therefrom by
the defendant; that the defendant took away a part of the
hay, namely, the quantity mentioned in the account annexed,
and that he refused to take away the residue.

The plaintiff sought to recover, in this action, for the price
of the hay taken away, on the first count, and for damages
for not taking away and paying for the residue, on the third
count.    But the judge, being of opinion that the contract was
entire, and that the evidence proved a sale and delivery of
the whole of the mow of hay, ruled that the plaintiff could
not recover on the special count.

The defendant, having specified a tender on the first count,
brought the sum tendered into court, and contended that
the contract declared on was not proved, and offered evidence
to show that no such contract had been made; but the court
rejected the evidence, on the ground that the specification
of tender and the payment of money thereupon into court
were an admission of the contract to which the specification
applied, as set forth in the declaration.

The jury returned a general verdict for the plaintiff, which
was afterwards amended so as to apply to the first count
only, and a verdict was entered for the defendant on the
other counts.

The defendant afterwards moved for an allowance of the
costs of his witnesses on the counts on which he had a ver-
dict in his favor; but the court disallowed the motion, on the
ground, that the several counts in the declaration were not
for several and distinct causes of action.

The defendant alleged exceptions.

*G. T. Davis,* for the defendant, waived the question re-
lating to the tender, and, on the question of costs, referred to
the Rev. Sts. *c.* 121, § 16, and the case of *Elder* v. *Bemis,*
2 Met. 599.

*A. Brainard,* for the plaintiff, was stopped by the court.

13 *

BY THE COURT. The exceptions are overruled, and the judgment of the court of common pleas affirmed.